Cutter *v.* Griswold.

WILLIAM T. CUTTER, WILLIAM F. BULKLEY, JONATHAN HUNT, AND CHARLES ELY *v.* JEROME B. GRISWOLD.

Where a deed of real estate was taken in the name of a son who was a minor, to keep it from the creditors of the father, and it was afterwards sold by the sheriff on an execution against the father, the son was decreed to release to the purchasers at the sheriff's sale.

Every voluntary conveyance by a parent to a child, is not fraudulent against creditors, but, when made in good faith by way of advancement, and abundant property is retained by the parent to pay all his debts, it is good against existing as well as subsequent creditors.

In October, 1840, Henry D. Garrison obtained a judgment against Eber Griswold, for $425.45 damages, and $41.69 costs, in the Circuit Court for the county of Berrien, on a note executed to Garrison in 1838, after Eber Griswold had married the widow Pool, by Hussey, Sanger and Mason, and guarantied by Eber Griswold, for a debt due from the widow Pool to Garrison previous to her marriage with Eber Griswold. Execution was taken out, and lot number two, on H. B. & C. W. Hoffman's addition to the village of Niles, was levied on by the sheriff, and, on the 3d day of July, 1841, sold by him to complainants for $500, they being the purchasers at the sheriff's sale. The lot was purchased of Robert Griffin by Eber Griswold, in April, 1839, and the deed taken in the name of the defendant, a minor son of Eber Griswold. The bill was filed against Eber Griswold and Jerome, and charged the deed was taken in Jerome's name to hinder, delay, and defraud the creditors of Eber Griswold, &c. Eber Griswold died without having put in an answer, when the suit abated as to him, and the usual answer was put in by the guardian *ad litem* of Jerome, a replication filed, and testimony taken.

*C. Dana*, for complainants.

*J. S. Chipman*, for defendant.

THE CHANCELLOR. The lot in question was conveyed to Jerome by Griffin, in consideration of other lands conveyed at the same time to Griffin, by Eber Griswold, the father of Jerome. The purchase was made by Eber Griswold, and the consideration was paid by him, but the deed was taken in the name of his son, who then was, and still is, a minor.

Every voluntary conveyance by a father to his child, cannot be avoided by the creditors of the father. When made in good faith by way of advancement, and abundant means are retained by the father for the payment of his debts, the conveyance, though voluntary, is good against existing as well as subsequent creditors. *Van Wyck* v. *Seward*, 6 *Paige R.* 62; *Bank of United States* v. *Hausman, Id.* 526; *Seward* v. *Jackson*, 8 *Cow. R.* 406; *Jackson* v. *Post*, 15 *Wend. R.* 588; *Salmon* v. *Bennett*, 1 *Day Conn. R. N. S.* 525.

For aught that appears, Eber Griswold parted with all his property to Griffin, in consideration of the deed to Jerome. The Garrison debt was then in existence; Jerome was but sixteen years of age; and Eber Griswold took immediate possession of the lot, and resided on it till his death. The legal inference to be drawn from these facts is, that the deed was taken by Eber Griswold in Jerome's name, to keep the property from his creditors. The evidence introduced for the purpose of showing the property deeded to Griffin was held by Eber Griswold in trust for Jerome, does not establish that fact.

A decree must be entered declaring the deed from Griffin to Jerome was taken in the name of the latter to hinder, delay, and defraud the creditors of Eber Griswold;

and Jerome must, within six months after he comes of age, and is served with a copy of the decree, execute and deliver to complainants a quit-claim deed of the premises in question, unless within the said six months he show good cause why he should not be bound by the decree. The complainants must be let into immediate possession of the property, and, until such quit-claim deed is executed and delivered, or cause shown, the decree to stand in the place, and have all the effects, of such release, on being recorded by the register of deeds of the county where the premises are situated.